1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRENT LEE HARDING,                         No.  2:16-cv-0640 KJN P

12                    Plaintiff,

13          v.                                    ORDER TO SHOW CAUSE

14    YOAST, et al.,

15                    Defendants.

16

17          Plaintiff is an inmate housed in the Rio Cosumnes Correctional Center, proceeding

18    without counsel.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28

19    U.S.C. § 636(c).  On April 4, 2016, plaintiff was ordered to file a completed application to

20    proceed in forma pauperis.  Plaintiff has now submitted the completed application.

21          In his complaint, plaintiff alleges that defendant Yoast retaliated against plaintiff for

22    attempting to file a grievance concerning his medical care by insisting that plaintiff needed to

23    make the grievance "disappear" or plaintiff would be put in the "loop," described as where jail

24    staff deny the inmate a bunk by moving the inmate from holding tank to holding tank between jail

25    branches.  (ECF No. 1 at 4-5.)  Defendant Yoast further threatened plaintiff by telling him that if

26    he made any complaint against Yoast, there is nowhere in the jail system that plaintiff could not

27    be touched by Yoast.  (ECF No. 1 at 5.)  As a result, defendant Yoast made plaintiff fear for his

28    personal safety.  (Id.)  Plaintiff included no charging allegations as to the other named defendant.

                                                  1

1    The Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997e(a), requires a

2  prisoner to exhaust "such administrative remedies as are available" before suing over prison

3  conditions.  Booth v. Churner, 532 U.S. 731, 733-34, 121 S. Ct. 1819 (2001).  "[F]ederal courts

4  may not consider a prisoner's civil rights claim when a remedy was not sought first in an

5  available administrative grievance procedure."  Panaro v. City of North Las Vegas, 432 F.3d 949,

6  954 (9th Cir. 2005); see also 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such

7  administrative remedies as are available are exhausted.").  A prisoner must pursue a remedy

8  through all levels of the grievance process "as long as some action can be ordered in response to

9  the complaint," Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005), regardless of the ultimate

10  relief offered through such procedures.  Booth, 532 U.S. at 741.  "Proper exhaustion demands

11  compliance with an agency's deadlines and other critical procedural rules because no adjudicative

12  system can function effectively without imposing some orderly structure on the course of its

13  proceedings."  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

14    Congress' objectives in enacting the PLRA were identified by the Supreme Court as

15  follows:

16    Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity
   and improve the quality of prisoner suits; to this purpose, Congress
17    afforded corrections officials time and opportunity to address
   complaints internally before allowing the initiation of a federal
18    case.  In some instances, corrective action taken in response to an
   inmate's grievance might improve prison administration and satisfy
19    the inmate, thereby obviating the need for litigation. In other
   instances, the internal review might filter out some frivolous claims.
20    And for cases ultimately brought to court, adjudication could be
   facilitated by an administrative record that clarifies the contours of
21    the controversy.

22  Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (internal quotation marks and citations omitted).

23  Accordingly, the Ninth Circuit has held that "a district court must dismiss a case without

24  prejudice when there is no *presuit* exhaustion, even if there is exhaustion while suit is pending."

25  Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (quotation marks omitted); see also Vaden v.

26  Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("Because [plaintiff] did not exhaust his

27  administrative remedies prior to sending his complaint to the district court, the district court must

28  dismiss his suit without prejudice . . . [Plaintiff] may initiate litigation in federal court only after

1   the administrative process ends."); McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (per

2   curiam) ("'Congress could have written a statute making exhaustion a precondition to judgment,

3   but it did not.  The actual statute makes exhaustion a precondition to suit.'") (quoting Perez v.

4   Wis. Dep't of Corr., 182 F.3d 532, 534-35 (7th Cir. 1999)).

5          While exhaustion is normally a precondition to suit, the PLRA does not require

6   exhaustion "when circumstances render administrative remedies 'effectively unavailable.'" Sapp

7   v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010).  Courts in the Ninth Circuit require prisoners to

8   make good-faith efforts to exhaust administrative remedies before finding remedies effectively

9   unavailable. See Sapp, 623 F.3d at 823-24 (to fall within an exception to exhaustion requirement,

10  "a prisoner must show that he attempted to exhaust his administrative remedies but was

11  thwarted").

12         "[T]he PLRA does not require that a prisoner's federal court complaint affirmatively

13  plead exhaustion." Nunez v. Duncan, 591 F.3d 1217, 1223-24 (9th Cir. 2010) (citing Jones v.

14  Bock, 549 U.S. 199, 212-17, 127 S. Ct. 910 (2007)).  Generally, failure to exhaust is an

15  affirmative defense that requires the defendant, following service of the complaint, to prove that a

16  plaintiff failed to exhaust his administrative remedies by showing that administrative remedies

17  were available but not used.  However, "[a] prisoner's concession to nonexhaustion is a valid

18  ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d

19  1108, 1120 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th

20  Cir. 2014).  In such circumstances, a court may dismiss an action for failure to exhaust

21  administrative remedies on its own motion.  See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir.

22  2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint for failure to

23  exhaust administrative remedies); White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997) (same);

24  see also Jones, 549 U.S. at 216 (fact that exhaustion is not explicitly included among section

25  1915A's enumerated grounds for dismissal "is not to say that failure to exhaust cannot be a basis

26  for dismissal for failure to state a claim"); Mojas v. Johnson, 351 F.3d 606, 609-10 (2d Cir. 2003)

27  ("[W]e can perceive no reason why a court should be prohibited from dismissing actions in

28  violation of [the PLRA's exhaustion] mandate on its own motion . . . [if the district court

3

1   establishes] from a legally sufficient source that an administrative remedy is applicable and that

2   the particular complaint does not fall within an exception.") (internal quotation marks omitted).

3          Here, plaintiff admits that there is a grievance procedure at Rio Cosumnes Correctional

4   Center, yet concedes that he did not present the facts relating to his complaint in the grievance

5   procedure.  (ECF No. 1 at 2.)  Rather, plaintiff states that he filed a civilian complaint with

6   Internal Affairs.  (Id.)

7          Therefore, plaintiff is ordered to show cause why this action should not be dismissed

8   without prejudice and without leave to amend for failure to exhaust administrative remedies.  To

9   demonstrate good cause, plaintiff must show why the grievance process was "effectively

10  unavailable" prior to plaintiff filing the instant action.  Plaintiff is cautioned that the filing of a

11  citizen's complaint does not serve the same purpose as the PLRA's exhaustion requirement and

12  does not satisfy the requirement of exhausting available administrative remedies.  See Evans v.

13  Woodford, 2008 WL 5114653, at *2 (E.D. Cal. Dec. 4, 2008) ("citizen's complaint may not be

14  used by a prisoner to comport with controlling law that requires proper exhaustion: as defined

15  here by the CDCR."); McCoy v. Schirmer, 2006 WL 845630, at *3 (E.D. Cal. March 30, 2006)

16  ("The filing of a citizen's complaint under California Penal Code § 832.5 does not serve the same

17  purpose and in any event cannot constitute exhaustion of available administrative remedies for

18  California state prisoners since state law provides an inmate appeal system specifically for

19  prisoners."); Townes v. Paule, 407 F.Supp.2d 1210, 1218 (S.D. Cal. 2005) (rejecting Towne's

20  contention that by filing under oath a citizens complaint under § 3391(b) of the California Code

21  of Regulations, Title 15 he had satisfied the underlying purpose of § 1997e(a) because the

22  complaint was sworn under oath and was investigated by Internal Affairs thereby providing a

23  more fair and meaningful investigation of his complaint).  Rather, plaintiff must have made good

24  faith, diligent efforts to exhaust his claims prior to filing in federal court.

25         In the alternative, plaintiff may request a voluntary dismissal of this action pursuant to

26  Rule 41(a) of the Federal Rules of Civil Procedure.  Plaintiff is cautioned that failure to file a

27  timely response to this order will result in the dismissal of this action, without prejudice, for

28  failure to exhaust administrative remedies.

4

1    Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of this

2  order, plaintiff shall show cause why this action should not be dismissed, without prejudice, for

3  failure to exhaust administrative remedies, or request voluntary dismissal of this action pursuant

4  to Rule 41(a).

5  Dated:  May 24, 2016

6

7  _____
   KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

8  /hard0640.osc.fte

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28